UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES L. STROUP                                    CIVIL ACTION

VERSUS                                             NO: 05-5214

SOCIAL SECURITY                                    SECTION: J
ADMINISTRATION

## ORDER AND REASONS

Before the Court is Plaintiff's **Objection to Report and Recommendation (Rec. Doc. 6)** issued by United States Magistrate Judge Chasez. The Court, having considered the motions, the record, the applicable law, the underlying administrative record, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections thereto, hereby approves the Magistrate Report and Recommendation and adopts it as its opinion herein for the reasons set forth below.

## Background Facts

On February 28, 1997, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability as of

May 14, 1994.[1]  Following a series of administrative and judicial proceedings, the current matter stems from Plaintiff's request for judicial review of the Appeals Council's July 9, 2005 refusal to review the decision of the Administrative Law Judge, who partially denied Plaintiff's request.

## **Legal Standard**

Judicial review of the Commissioner's decision to deny DIB is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of the record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards.  <u>Wingo v. Bowen</u>, 852 F.2d 827, 829 (5th Cir. 1988).  Thus, if the Commissioner's findings are supported by substantial evidence, they must be affirmed.

## **Discussion**

The Magistrate considered five challenges to the earlier decisions, including:

>    (1)  The Commissioner's decisions were not supported by substantial evidence in that Plaintiff was wrongfully found to be capable of work before April 15, 1998 and after November 21, 2000;
>
>    (2)  The ALJ erred in failing to find that Plaintiff's back impairment met the requirements of Section 1.05(C) of the Listing of Impairments;
>
>    (3)  The second ALJ erred in failing to find that Plaintiff was disabled as of September 29, 1998 under

---

[1] Plaintiff had filed a prior application for the same injury which was denied on March 29, 1996 and not appealed further; it is not at issue here.

>    Grid Rule 201.09;
>
>    (4)  The ALJs gave improper weight to the opinion of
>    Dr. Mel Parnell and to those of the consultive
>    examiners; and
>
>    (5) The second ALJ wrongfully denied Plaintiff's
>    request for a continuance of the August 28, 2002
>    hearing in order to obtain the testimony of one of his
>    treating physicians and a lay witness.

Discussing each in turn, the Magistrate determined that the earlier decisions applied the applicable legal standards and were supported by substantial evidence.

In his objection, Plaintiff argues that the Magistrate selectively chose small and insignificant discrepancies in Plaintiff's medical providers' opinions and records of the past fourteen years as well as Plaintiff's statements to unfairly discredit these opinions and testimony.  Plaintiff then presents twenty-eight inaccuracies in the Magistrates Report.

Addressing each of these in turn, Objections 1, 3, 5, and 28 are frivolous.  Even taken as true, they do not impact the Magistrate's conclusions or affect the arguments underlying those recommendations.  Objections 2 and 4 are also inconsequential to the Magistrate's final conclusions.  Plaintiff seeks to correct the factual findings of the ALJ, as listed in the Magistrate's Report.

Plaintiff seeks to introduce his Workers Compensation settlement in Objection 6.  The contents of the settlement do not affect the Magistrate's conclusions.

Objections pertaining to the flawed logic of the Magistrate's conclusions (7- 18, 20-25) are unsupported. Similarly, Plaintiff points to certain evidence that he argues should have led the ALJ to conclude Plaintiff was unable to work. This information is included in the record, yet its existence, after being considered by the ALJ, Magistrate, and now this Court, does not change the earlier factual findings.  With regard to the numerous medical opinions, the responsibility of weighing and resolving conflicts in the evidence lies with the ALJ in the first instance.

In Objections 19 and 26, Plaintiff repeats his argument that the Medical Vocational Guideline should have been used.  As discussed in the Magistrate's Report on page 46, expert vocational testimony is preferred to the rigid, mechanical application of the Grid.  The Magistrate correctly applied the legal standard.

Plaintiff also objects to the Magistrate's determination regarding the prejudicial impact of denying a continuance in Objection 27.  The ALJ has discretion to reschedule a hearing for "good cause."  Plaintiff failed to demonstrate that his motion for a continuance met either of the bases of good cause as set forth in the applicable statute.[2]  Furthermore, as discussed by the Magistrate, Plaintiff failed to avail himself of subpoena

---

[2]   See 20 C.F.R. 404.936(b).

power or renew his request during the course of the hearing or at any time prior to the issuance of the ALJ's decision more than four months later.

Overall, Plaintiff's objections restate the allegations in Plaintiff's earlier motions.  These allegations were thoroughly considered and discussed by the Magistrate.  Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as its opinion.[3]  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED** and that Defendant's motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, this 15th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[3]  The recommendation of the Magistrate is adopted with one small change.  On page 28 of the Report and Recommendation, the first sentence of the first full paragraph should read: "Approximately two and one-half months after he was first seen be Dr. Whitecloud, Dr. Russo completed a second form letter to plaintiff's employer, accompanied by a copy of Dr. Whitecloud's report, in which he advised that plaintiff's condition was unchanged and that he was still <u>not</u> able to return to work.  (Tr. P. 276)."